JOSEPH W. WOOTEN *et al.*, plaintiffs in error, *vs.* ELIZA ARCHER, defendant in error.

1. To entitle a mechanic to a summary enforcement, under section 1969, of the Revised Code, and Act of 16th September, 1870, of a lien claimed by him, it must appear in the proceedings that the claim is for the labor of the mechanic himself, or for material furnished by him.

2. A and B, mechanics, sued out an execution, which was void under the foregoing rule, against T. A., and a house built under a contract with him. The execution was levied on the house. It was sold by the sheriff and bought by Wooten & Taylor, the defendants. The lot on which the house stood belonged to E. A., who brought ejectment against Wooten & Taylor. The defendants set up, by plea, that E. A. lived adjoining to the lot where the house was being built, and never gave notice of her right or title, and that from such default on her part, the builders would, in equity, have a lien on the house for the unpaid portion of their claim, and that the purchasers at sheriff's sale should be subrogated to their rights and allowed the amount that was due the builders. T. A., who had the house built, was not a party to the cause, nor did it appear what the debt against him was, except by the illegal proceedings to enforce the lien claimed :

*Held,* That even if the defendants could, with proper parties and proof, assert such an equity, yet it was necessary that T. A. should have been made a party, and the amount of his debt due the builders should have been shown by evidence other than the void proceedings to enforce the mechanic's lien.

3. Where the case stated in the body of the bill of exceptions is different from that stated in the certificate of the clerk thereto, and in the record, the error in the bill of exceptions is amendable *so as to conform* to the record. See end of Report. (R.)

Mechanic's and laborer's lien. Equity. Parties. Estoppel. Before Judge HOPKINS. Fulton Superior Court. October Term, 1872.

Eliza Archer brought ejectment against Joseph W. Wooten, Clinton Taylor and Thomas Sharp to recover a lot on Broad street, in the city of Atlanta, with its appurtenances, and also *mesne* profits. The action was commenced in September, 1871. According to the record, the case was in default. According to the bill of exceptions, the defendant pleaded the general issue and two special pleas.

The special pleas were as follows: 1st. That defendants are

Wooten *et al. vs.* Archer.

purchasers of the improvements upon the premises in dispute, under foreclosure of mechanic's lien for erecting the same, by Alexander & Broomhead against Thomas B. Archer, which improvements cost and are of the market value of, $3,000 00, or other large sum, no part of which was paid by plaintiff, which will be wholly lost by defendants if a general verdict at law for the premises in dispute is rendered. Wherefore, they pray that a sale of the whole property may be required by the verdict, and they receive their *pro rata* upon the value of the land and improvements, which improvements occupy the whole land. 2d. That Thomas B. Archer, son of plaintiff, being in possession of the premises in dispute by contract of rent, and also being, by the will of Washington E. Archer, under which plaintiff claims a life estate, a remainderman, said premises being unimproved and attached and adjoining the stable property of said W. E. Archer, employed Alexander & Broomhead, mechanics, to erect a three-story brick building thereon, which was done and completed during said term of renting, and the cost thereof, except the principal sum of $732 00, was paid to said Alexander & Broomhead by said Archer; that Alexander & Broomhead, for said balance, foreclosed their mechanic's lien against said Thomas B. Archer and said improvements, and had the improvements sold by the sheriff under the same, on the 6th of June, 1871, when the defendants became the purchasers for $800 00, and took the sheriff's deed thereto; and in addition, they purchased and paid for, to said Thomas B. Archer, all his interest in and to said lot and improvements, he conveying the same to them by deed; that said Thomas B. paid out of his own funds for said improvements all that they cost, except the said balance, by reason of all which facts, the defendants are entitled to all the rights of the said Thomas B. and of Alexander & Broomhead in said improvements; that the lot was used before these improvements for the purposes of said stable, and that the improvements were further to advance the value and use of the same, and that the plaintiff resided over the stables, and on the next lot to the improvements, all the while they were

being erected, and never notified the mechanics not to proceed, nor in any other way communicated to them or to the defendants her objection; that when they were advertised at sheriff's sale, and on the day they were sold, she still so resided, and never made any objections to the sheriff, or the plaintiffs, or to any one else, but permitted all to proceed until September afterwards, when suit was begun. Wherefore, the defendants submit that plaintiff cannot recover the premises in dispute without a finding to indemnify them for their loss and outlay, and the advanced value of the life estate by reason of the same.

At the trial, the plaintiff introduced certain evidence to show title to the premises in dispute, a part of which evidence was the will of her former husband, Washington E. Archer, by which she took a life estate, with remainder to her son Thomas B. and others. She was examined as a witness in her own behalf, and testified thus: "I am the widow of W. E. Archer, deceased; reside in Atlanta, on Alabama street, upon the property known as the Archer Livery Stable; am the mother of Thomas B. Archer; I know the property sued for—live where I could and did see it; said to son Thomas B. not to build the house, that it would ruin him to do so; never said to any mechanic, neither Alexander & Broomhead, nor any others engaged in the erection of the building to desist from the same, nor notified any of them not to erect the building or do the work; I resided all the time of the erection of the building where I could have seen it, and did see it, in course of erection, but resided in one of the front rooms and did not see the building until it approached completion; never interposed any claim or took any other legal proceedings or made any objection to the sale by the sheriff; was residing at the same place while the sale was in progress, and knew the sale was to take place. The lot in suit is a part of the Archer Stable property. All said property, including this lot, was rented by me to my son Thomas B., until the 15th day of June, 1871, and he took possession and continued so

Wooten *et al. vs.* Archer.

in possession by himself and his tenants, up to said sheriff's sale."

A. W. Holcomb testified that the land for rent was worth $10 00 or $12 00 per month; and, improved as it is, $40 00 per month; that it is a part of the stable property, and was used as a mule or stock lot prior to the erection of the building.

The defendants opened their case on the plea of the general issue. They tendered in evidence a lease from the plaintiff to themselves, dated March 11th, 1871, covering the said stable property on Alabama and Forsyth streets, but not that portion lying on Broad street, the premises in dispute, This lease was to run for the term of one year, from June 15th, 1871, with the privilege of extension to five years. They also tendered at the same time a claim of lien filed and duly recorded by Alexander & Broomhead, as mechanics, for erecting said building, and furnishing materials, with an affidavit made by Broomhead before the Judge of the Superior Court, to foreclose and enforce said lien, and a sheriff's deed to the defendants, made under a sale based on such foreclosure. The claim of lien and the affidavit (one dated December 28th, 1870, and the other May 8th, 1871), covered both the lots sued for, and the buildings erected thereon, as the property of Thomas B. Archer. The debt specified in the claim of lien was $1,416 00, but in the affidavit it was reduced to a balance of $732 00, besides interest. The sheriff's deed covered the building but not the lot. It bore date June 6th, 1871, and recited a sale of the building to defendants as the property of Thomas B. Archer.

All this evidence was objected to by plaintiff's counsel, because not available under the general issue. The objection was sustained by the Court. To meet this ruling the defendsant filed the first special plea above set forth, and again tendered the same evidence, at the same time accounting for the loss of the *fi. fa.* set forth in the sheriff's deed, and obtaining from the Court express permission for the cause to proceed as though the *fi. fa.* were in evidence. The lease and the claim

of lien were received, but the other two papers, to-wit: the affidavit and the sheriff's deed were objected to by plaintiff's counsel, on the ground that they were void and conveyed no title or interest to the defendants. The objection was sustained by the Court, and the defendants excepted.

The defendants then amended their pleadings by adding the second special plea and again offered in evidence said affidavit and sheriff's deed for the purpose of showing that they stood in the shoes of Alexander & Broomhead, as to the balance not paid to the latter by Thomas B. Archer for the building, and, also, as to the residue of the value of the improvements, that the defendants should, on principles of equity, be allowed a decree therefor, before being dispossessed, and that upon like principles, they were not liable for rent, except in proportion to their interest as compared with the plaintiff's interest. To sustain this view of the case, the evidence was admitted by the Court.

A. B. Culberson testified that he, for defendants, paid the money to the sheriff, as recited in the sheriff's deed.

The Court charged the jury, in accordance with the rulings made in the progress of the cause, in favor of the legal rights of the plaintiff, to recover the premises and rent, but not so as to be subject to any exception for the expression or intimation of an opinion as to what had been proved. In regard to the equitable defense set up, he simply charged that if the plaintiff, by any act of hers, influenced the defendants to make the purchase at sheriff's sale, she would be liable to them for the money she may have induced them to pay out, and they might recover in this case and have a lien on the lot declared in the verdict for it; that the jury might render such verdict as would do equity between the parties. To which charge the defendants excepted, as erroneous generally, and specifically in that it did not submit for the consideration of the jury their legal rights under the evidence.

The verdict was in favor of the plaintiff for the premises and $780 00 *mesne* profits.

Wooten *et al. vs.* Archer.

Error is assigned upon each of the aforesaid grounds of exception.

When this case was called, a motion was made to dismiss the writ of error, upon the ground that the case recited in the body of the bill of exceptions was different from that stated in the record which purported to belong to it; that if the Court proceeded to try the case stated in the bill of exceptions, there was no record; that if the case set forth in the record was taken under consideration, there was no bill of exceptions.

The facts upon which this motion was based were as follows:

The bill of exceptions stated that "there came on to be tried," etc., "the ejectment suit of Eliza A. Archer against Wooten & Taylor, former partners in the livery stable business, for a city lot," etc.    The certificate to the bill of exceptions by the clerk, states the case as that of "John Doe (on the demise of Eliza Archer,) *vs.* Richard Roe, Joseph W. Wooten, Clinton Taylor and Thomas Sharp." The record throughout, including clerk's certificate, shows the case to be as stated in the certificate to the bill of exceptions.

Counsel for plaintiffs in error moved to amend the bill of exceptions by the record.    The amendment was allowed, and the motion to dismiss was withdrawn.

R. H. CLARK; A. B. CULBERSON, for plaintiffs in error.

L. E. BLECKLEY, for defendant.

TRIPPE, Judge.

1. In the case of *The Savannah and Charleston Railroad Company vs. Daniel Callahan,* decided at the present term, it was held, that the Act of 1869 only gives a summary remedy for the enforcement of mechanics' and laborers' liens upon the property of their employers, when the debt is due for the labor actually performed by them, and the materials furnished by them, with which and upon which the labor has been per-

formed. The lien is given and the summary remedy allowed, to secure the debt due to the laborer or mechanic for his own labor and materials furnished by him, in the performance of the labor for which the debt is due. The Act of 1869 provides that "such liens may be enforced in the manner prescribed in the 1969th section of Irwin's Revised Code, upon the subject of enforcing liens against steamboats." That section says that the person prosecuting such lien must make an affidavit "showing all the facts necessary to constitute a lien under this Code." The Act of September 16th, 1870, entitled "An Act to alter and amend an Act for the enforcement of liens," etc., uses the same expression, and requires the affidavit to "show all the facts necessary to constitute a lien," etc. According to these provisions, the proceedings for the enforcement of the lien claimed in this case, did not show all the facts necessary to constitute a lien, and could not, therefore, be the foundation for issuing a valid process for the sale of property under it. Where such extraordinary and summary process is given, the statute granting it should be strictly complied with. The proceedings should show that the claim is for the labor of the mechanic himself, or for materials furnished by him, as held in the case referred to.

2. But the defendants set up in their plea and evidence, that as Mrs. Archer was in default, in not giving notice of her title, the builders would in equity have a lien on the house for the unpaid portion of their claim, and that the purchasers at sheriff's sale should be subrogated to their rights. To have accomplished this, it was necessary that Thomas Archer should have been made a party. He was interested in the issue. The amount of his debt was to be ascertained, and to that extent, at least, he had an interest. He had also a remainder interest in the property after the termination of his mother's life interest. There was no legal evidence of this debt before the Court. If the proceedings to enforce the alleged lien were insufficient for the purpose for which they were instituted, they were not competent evidence to establish the debt. So that granting the equity claimed could have

been enforced with proper proof and proper parties, there were not before the Court the evidence and the parties necessary to authorize the recovery asked for by the defendants.

Judgment affirmed.